UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ANDY PHILLIPS                    ]
    Plaintiff,                   ]
                                 ]
v.                               ]     No. 3:09-1187
                                 ]     Judge Trauger
WARDEN CHERRY LINDAMOOD, et al.  ]
    Defendants.                  ]

**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the South Central Correctional Center in Clifton, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Cherry Lindamood, Warden of the facility; Dr. Gray, a physician at the prison; and the Corrections Corporation of America; seeking injunctive relief and damages.

In September, 2007, the plaintiff was diagnosed with cataracts in both eyes. At the time, plaintiff's doctor advised him that surgery would be needed to correct the problem in each eye. The plaintiff did have the requisite surgery on the right eye. However, he has been unable to convince Dr. Gray that surgery is needed on his left eye. The plaintiff suggests that the failure to provide him with the second surgery constitutes a violation of his right to adequate medical care.

In order to establish a claim for relief under § 1983, the

plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of some right secured by the Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908, 1913 (1981).

The Eighth Amendment guarantees a prisoner the right to medical care. This right has been violated when prison officials are deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 97 S.Ct. 285 (1976).

In this case, the plaintiff admits that Dr. Gray has examined him and prescribed an alternate course of treatment, i.e., eye glasses. Thus, the defendants have not been deliberately indifferent to plaintiff's medical needs. This dispute, therefore, arises over the adequacy of the care provided by the defendants to the plaintiff.

When a prisoner has received some medical attention and his claim is a challenge to the adequacy of the care provided, federal courts are generally reluctant to second guess medical judgments and constitutionalize claims which sound in state tort law. Hill v.Jones, 211 F.3d 1269 (6th Cir.2000). Medical malpractice does not become a constitutional tort merely because the victim is a prisoner. Estelle, 429 U.S. 105-106. Therefore, the plaintiff has failed to describe conduct resulting in a violation of federal law. Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir.2001).

Absent a violation of federal law, the plaintiff is unable to prove every element of a § 1983 cause of action. Consequently, he

has failed to state a claim upon which relief can be granted. Under such circumstances, the Court is obliged to dismiss the complaint sua sponte. 28 U.S.C. § 1915(e)(2).

    An appropriate order will be entered.

                                                    _____
                                                    Aleta A. Trauger
                                                    United States District Judge